IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>J.A. SUBWAY, INC., and JAMIU LAWAL, )<br>)<br>)<br>  Defendants. )<br>_____)  | Case 1:16-cv-0810 |

## DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

The plaintiff, the United States of America, commenced this civil action under 26 U.S.C. § 7402(a) to collect the federal employment and unemployment taxes, penalties and statutory interest assessed against the defendant taxpayer, J.A. Subway, for the taxable periods between 2004 and 2015, and to permanently enjoin the defendants, J.A. Subway and Jamiu Lawal, from violating and interfering with the administration of the internal revenue laws, and compelling the defendants to: (1) timely file the employment and unemployment tax returns for J.A. Subway; (2) timely collect and pay over to the Internal Revenue Service J.A. Subway's accruing federal employment and unemployment taxes; and (3) file J.A. Subway's delinquent employment, unemployment, and income tax returns. (D.E. No. 1.) The defendants, J.A. Subway and Jamiu Lawal, failed to file an answer or otherwise defend in this action, and the Clerk entered the default of the defendant on June 22, 2016. (D.E. No. 13.)

The United States has now moved for the entry of a default judgment against J.A. Subway for the total amount of the federal employment and unemployment taxes, penalties and interest owed by it as of August 31, 2016, in the amount of $267,697.11 plus statutory additions

to tax accruing thereafter, along with a permanent injunction against it and Lawal and for other equitable relief.

The Court, having considered the United States' motion for a default judgment with respect to J.A. Subway's unpaid federal tax liabilities, and for the entry of a permanent injunction under 26 U.S.C. § 7402 requiring J.A. Subway and Lawal to comply with the internal revenue laws by timely reporting, depositing, and paying over J.A. Subway's federal employment and unemployment taxes, the Declarations of Revenue Officer Kinaberly Saul and Maragaret Ament, and the entire record in this matter, hereby **GRANTS** the United States' motion, and **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** as follows:

## DEFAULT JUDGMENT

1. This is an action by the United States instituted under section 7402(a) of the Internal Revenue Code (26 U.S.C.). The complaint seeks both legal and equitable relief in connection with the alleged failure of the defendants, J.A. Subway and Lawal, to collect and pay over to the United States the federal income and Federal Insurance Contributions Act (FICA) taxes that J.A. Subway was required to withhold from the wages paid to its employees, and to deposit those funds, along with the employer's share of FICA taxes and Federal Unemployment Tax Act (FUTA) taxes, in an appropriate federal depository institution.

2. This Court has jurisdiction over the subject matter of this case and has jurisdiction over the defendants, J.A. Subway and Lawal, pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

4. The defendants, J.A. Subway and Lawal, have been properly served with the summons and complaint in this action, as required by Fed. R. Civ. P. 4.

5. The defendants have failed to answer or otherwise defend in this action. The Clerk of the Court properly entered the default of the defendant on June 22, 2016.

6. Because of the defendants' default, the allegations in the complaint filed in this action are taken as true.

7. As alleged in count I of the complaint, a delegate of the Secretary of the Treasury properly and timely made assessments against J.A. Subway for unpaid federal employment (Form 941) and unemployment (Form 940) taxes and statutory additions to tax for various taxable periods that ended between March 31, 2004 through March 31, 2015.

8. Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, J.A. Subway failed to pay the federal employment and unemployment taxes assessed against it.

9. As a result, the Court has determined that as of August 31, 2016, J.A. Subway is indebted to the United States for unpaid federal employment taxes in the total amount of $231,463.85 for the tax periods and in the amounts indicated below:

| Tax Period Ending | Outstanding Balance as of 08/31/2016 |
|---|---|
| 03/31/2004 | $3,184.84 |
| 06/30/2004 | $3,251.47 |
| 09/30/2004 | $3,220.42 |
| 12/31/2004 | $3,185.02 |
| 03/31/2005 | $3,341.06 |
| 06/30/2005 | $3,297.06 |
| 09/30/2005 | $3,251.38 |
| 12/31/2005 | $3,201.70 |
| 03/31/2006 | $3,597.23 |
| 06/30/2006 | $3,539.94 |

| | |
|---|---|
| 09/30/2006 | $3,478.65 |
| 12/31/2006 | $3,418.59 |
| 03/31/2007 | $3,395.18 |
| 06/30/2007 | $3,258.82 |
| 09/30/2007 | $3,449.49 |
| 12/31/2007 | $2,836.19 |
| 03/31/2008 | $4,451.94 |
| 06/30/2008 | $3,454.48 |
| 09/30/2008 | $3,844.40 |
| 12/31/2008 | $2,939.95 |
| 03/31/2009 | $6,051.91 |
| 06/30/2009 | $6,002.42 |
| 09/30/2009 | $5,953.42 |
| 12/31/2009 | $5,904.87 |
| 03/31/2010 | $6,546.94 |
| 06/30/2010 | $7,507.97 |
| 09/30/2010 | $9,277.58 |
| 12/31/2010 | $7,367.56 |
| 03/31/2011 | $4,628.41 |
| 06/30/2011 | $5,870.21 |
| 09/30/2011 | $6,855.14 |
| 12/31/2011 | $6,114.09 |
| 03/31/2012 | $4,950.31 |
| 06/30/2012 | $5,282.32 |
| 09/30/2012 | $4,998.22 |
| 12/31/2012 | $8,136.66 |
| 03/31/2013 | $6,247.43 |
| 06/30/2013 | $6,541.14 |
| 09/30/2013 | $5,835.16 |
| 12/31/2013 | $5,448.59 |
| 03/31/2014 | $4,925.31 |
| 06/30/2014 | $4,611.51 |
| 09/30/2014 | $9,543.72 |
| 12/31/2014 | $9,724.14 |
| 03/31/2015 | $9,514.01 |
| **TOTAL** | **$231,436.85** |

10. The Court has also determined that as of August 31, 2016, J.A. Subway is indebted to the United States for unpaid federal unemployment taxes in the amount of $36,260.26 for the tax periods and in the amounts indicated below:

//

| Tax Period Ending | Outstanding Balance as of 08/31/2016 |
|---|---|
| 12/31/2004 | $4,948.61 |
| 12/31/2005 | $5,025.32 |
| 12/31/2006 | $4,606.03 |
| 12/31/2007 | $4,338.04 |
| 12/31/2008 | $3,782.49 |
| 12/31/2009 | $6,333.28 |
| 12/31/2010 | $6,106.06 |
| 12/31/2011 | $463.73 |
| 12/31/2012 | $473.17 |
| 12/31/2013 | $183.63 |
| TOTAL | $36,260.26 |

11. **IT IS FURTHER ORDERED** that a default judgment shall be entered against J.A. Subway by separate document for the unpaid federal employment and unemployment taxes and statutory additions to tax in the amount of $267,697.11 as of August 31, 2016, plus statutory interest according to law after that date until paid.

**ORDER OF PERMANENT INJUNCTION**

12   Under 26 U.S.C. § 7402(a), the district courts are authorized to issue injunctions as may be necessary and appropriate for enforcement of the internal revenue laws. See United States v. Ernst & Whinney, 735 F.2d 1296, 1300-01 (11th Cir. 1984), cert. denied, 470 U.S. 1050 (1985); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984).

13.   Sections 3102, 3111, 3301 and 3402 of the Internal Revenue Code (26 U.S.C.) require employers such as J.A. Subway to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from their employees' wages, and to pay over those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service.

14. Section 6011 of the Internal Revenue Code and Treas. Reg. § 31.6701(a)-1 require employers to file Employer's Quarterly Federal Tax Returns (IRS Forms 941) on at least a quarterly basis, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service on an annual basis.

15. J.A. Subway and Jamiu Lawal have interfered with the proper administration of the internal revenue laws by:

 (a) Failing to timely file employment tax returns for periods between 2004 and 2015;

 (b) Failing to timely file unemployment tax returns for the periods between 2004 and 2015;

 (c) Failing to make sufficient tax deposits for employment and unemplolment tax liabilities as required by law;

 (d) Requiring the Internal Revenue Service to expend considerable resources to induce the defendants, J.A. Subway and Lawal, to comply with the federal tax laws by filing notices of federal tax lien and attempting to administratively to collect the unpaid federal tax liabilities via levy.

16. Code section 7402(a) affords the district courts broad discretion in procedural matters relating to the enforcement of the tax laws. United States v. Asay, 614 F.2d 655, 661-62 (9th Cir. 1980). See United States v. Thompson, 395 F. Supp.2d 941, 945-46 (E.D. Cal. 2005) (finding that an injunction is appropriate for the enforcement of the internal revenue laws, when ordering an injunction under section 7402(a)).

17. The Fourth Circuit has not determined whether the equitable factors must be weighed in cases brought under 26 U.S.C. § 7402(a). In United States v. Renfrow, 612 F.

Supp.2d 677 (E.D.N.C. 2009), the court held that the traditional equitable factors need not be applied in cases brought under section 7402(a). Contra United States v. Clarkson, 2007 WL 1988257 (D. S.C. July 3, 2007) at *3; United States v. Cohen 222 F.R.D. 652, 654 (W.D. Wash. 2004) (requiring a showing of the traditional equity factors before ordering an injunction under section 7402(a)).

18. In this case, even when the traditional equity factors are considered, a permanent injunction is necessary and appropriate under section 7402(a) because J.A. Subway and Lawal have violated, and continue to violate the tax laws by refusing to withhold and deposit the taxes and comply with the filing requirements that apply to employers. An injunction is necessary to prevent future violations of the law, as the Internal Revenue Service's attempts to bring the defendants into compliance have been unsuccessful.

19. The United States lacks an adequate remedy at law to coerce the defendants' compliance with the internal revenue laws, as evidenced by the defendants' continual failure to pay over the withheld federal employment taxes, along with the J.A. Subway's employer's share of FICA and FUTA taxes, to the Internal Revenue Service.

20. The United States would suffer irreparable injury in the absence of an injunction in this case if the defendants were allowed to continue to refuse to pay over to the IRS the lawful tax revenues due the government. "[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need." Bull v. United States, 295 U.S. 247, 259 (1935). When statutory interest and penalties are taken into consideration, the defendants have deprived the United States of more than $250,000. The defendants should not be allowed to continue on their present path of converting the government's tax monies to their own use.

21. Additionally, the United States is being harmed because it is being required to devote considerable IRS resources to the tasks of persuading the defendants to comply with the tax laws, and attempting to collect the federal taxes that should have been deposited by them.

22. The balance of harms tips sharply in favor of the issuance of an injunction. If the defendants are not restrained from continuing to violate the federal tax laws, the government will experience irreparable harm in the form of the permanent loss of its tax revenue. Conversely, if an injunction issues, the defendants, J.A. Subway and Lawal, will not be harmed because they will merely be required to obey the same laws as other employers.

23. An injunction would serve the public interest. The tax system relies on employers to collect employment and unemployment taxes and to pay those taxes over to the United States. J.A. Subway and Lawal undermine this system by continuing to accrue or "pyramid" J.A. Subway's tax liabilities. Enjoining the defendants will protect the public's interest in the fair administration of the internal revenue laws and in fair competition by halting these wrongful practices.

24. Accordingly, it is adjudged, determined and decreed that the defendants, J.A. Subway and Jamiu Lawal, have engaged and are engaging in conduct that interferes with the administration of the internal revenue laws, and that injunctive relief under Code section 7402(a) and the Court's inherent equity powers is necessary and appropriate to stop that conduct.

25. **IT IS FURTHER ORDERED** that this injunction is issued to prevent the defendants, J.A. Subway and Lawal, from further accruing or "pyramiding" their employment and unemployment tax liabilities by accruing such liabilities beyond the defendants' ability to pay over the liabilities as they become due.

26. This injunction order authorizes enforceable injunctive relief and, if any provision of this permanent injunction is violated, the injunction can be enforced by the United States or the Court through the mechanisms set forth below.

27. An injunction shall issue as follows from the date of this Order:

   a. Parties Covered by Injunction: This injunction binds J.A. Subway and Jamiu Lawal, in his capacity as an officer of J.A. Subway, as well as their agents, employees, and persons in concert or participation with them, in whatever form they continue to carry on their business.

   b. Withholding Requirement: The defendants, J.A. Subway and Jamiu Lawal shall withhold federal income and FICA taxes from the wages of J.A. Subway's employees when those wages are paid, shall keep the withheld funds in a bank account separate from any operating account or other accounts, and shall pay the withheld taxes to the Internal Revenue Service as they become due and payable.

   c. Deposit Requirements: In accordance with federal deposit regulations, the defendants shall make timely deposits of withheld federal income and FICA taxes, and J.A. Subway's employer's share of FICA and FUTA taxes in an appropriate federal depository bank each quarter, in accordance with the federal deposit regulations.

   d. Reporting Requirements: Within three days after J.A. Subway makes a federal tax deposit as required by paragraph (c), J.A. Subway and Lawal shall provide proof to the Internal Revenue Service at 190 Admiral Cochrane Dr., Suite 180-C Annapolis, MD 21401 or such other location as

    the Internal Revenue Service may deem appropriate, that the requisite withheld federal income taxes, FICA taxes (both the employees' withheld portion and the employer's portion), and unemployment tax deposits were timely made.

e.  Return Requirements: The defendants shall timely file with the IRS all of J.A. Subway's employment (Form 941) and unemployment (Form 940) tax returns. Each return shall be considered to be timely filed if it is filed before the date it is due or within three days after the return is due. The defendants shall pay any balance due on those returns upon filing. Within 60 days of this order the defendants shall file all delinquent employment, unemployment, and income tax returns.

f.  Transfer Prohibition: The defendants are prohibited after the date of this permanent injunction from assigning any property or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the IRS.

g.  Notification of New Business: For the next five years, the defendant, Jamiu Lawal, shall notify the Internal Revenue Service at the address specified in paragraph d, above, of any new or presently operating company or entity with which he becomes involved in relation to federal employment tax withholding, depositing, or reporting and shall also inform the IRS if the he or J.A. Subway assumes a new name or transfers its employees or business operations to another entity. The

    defendants shall notify the Internal Revenue Service within 10 days after the aforementioned actions.

  h. <u>Failure to Comply</u>: If the defendants, J.A. Subway and Lawal, or anyone subject to this injunction violates any part of this injunction, the following enforcement mechanisms may be taken:

    i. the IRS may seize J.A. Subway's business property or any other entity that the defendants use, direct, or control as part of their business, and may sell the seized property to satisfy J.A. Subway's outstanding tax liabilities; and

    ii. the Court may find the defendants, J.A. Subway and Lawal, to be in civil or criminal contempt of this Court and punish the violator with a fine, incarceration, or both.

  i. <u>Enforcement of Injunction</u>: The United States shall be permitted to issue discovery requests during the pendency of the injunction to assure that the defendants are in compliance with the injunction. The Court shall retain jurisdiction of this action for the purposes of implementing and enforcing this injunction and entering all additional decrees and orders necessary and appropriate for the public interest.

28. The defendants shall deliver to all of their current employees a copy of this Permanent Injunction Order.

//

//

29. The Clerk of Court is instructed to enter judgment against the defendants, J.A. Subway and Jamiu Lawal, and in favor of the United States consistent with this Order.

DONE and ORDERED this 23 day of September, 20 16

FOR THE COURT:

*[signature]*

UNITED STATES DISTRICT JUDGE